**JING FENG XIAO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0563–ag.

United States Court of Appeals, Second Circuit.

Nov. 24, 2008.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Jing Feng Xiao, a native and citizen of the People's Republic of China, seeks review of the January 16, 2008 order of the BIA denying his motion to reopen. *In re Jing Feng Xiao*, No. A70 899 993 (B.I.A. Jan. 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Here, we find that the BIA did not abuse its discretion in denying Xiao's third motion to reopen as untimely. An alien seeking to reopen proceedings must file his motion to reopen no later than ninety days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Xiao's October 2007 motion was untimely where the BIA issued a final order of deportation in October 2002. Moreover, the BIA properly found that Xiao's motion did not qualify for an exception to the time limitation. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

██ It is well-settled that a change in personal circumstances, such as Xiao's recent involvement with the China Democracy Party ("CDP"), is not evidence of changed conditions in China. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir.2006); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir. 2005). Furthermore, the BIA reasonably found that the evidence Xiao submitted "establish[ed] a continuation of, not a ma-

terial change in, country conditions in China." Indeed, the 2006 U.S. Department of State Country Reports on Human Rights Practices ("Report") that Xiao submitted in support of his motion states that "the CDP remained banned, and the government continued to monitor, detain, and imprison current and former CDP members."

We note that there is evidence in the record indicating that the Chinese government has tightened restrictions on freedom of speech and increased the imprisonment of those perceived as threatening to government authority. However, although a reasonable fact-finder could review the evidence of record in this case and reach a conclusion different than that of the BIA, we cannot conclude that on this record the BIA abused its discretion in finding that Xiao failed to demonstrate material changed country conditions sufficient to excuse the untimeliness of his motion. In addition, because the BIA reasonably denied Xiao's motion to reopen as untimely, contrary to Xiao's argument, it was not required to consider his eligibility for CAT relief. *See* 8 C.F.R. § 1003.23(b)(4)(i); *cf.* 8 C.F.R. § 1208.18(b)(2).

Finally, as Xiao is under a final order of deportation and did not file a timely motion to reopen or demonstrate changed country conditions excusing the untimeliness of his motion, the BIA did not err in concluding that he was not eligible to file a successive asylum application based on his changed personal circumstances. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 160 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).